UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CYNTHIA LABEAUD                           CIVIL ACTION

VERSUS                                    NO: 11-1834

RICHARD KNIGHT, WILLIAMS                  SECTION: J(2)
TRANSPORT, LLC, AND GRAMERCY
INSURANCE COMPANY

<u>**ORDER AND REASONS**</u>

Before the Court is **Plaintiff's Motion to Remand (Rec. Doc. 6), Defendant Gramercy Insurance's Opposition to Plaintiff's Motion to Remand (Rec. Doc. 10),** and **Defendant Gramercy's Motion for Leave to File Amended Notice of Removal (Rec. Doc. 8).**  The motions are before the Court on supporting memoranda, without oral argument.

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This suit arises out of an automobile accident on July 17, 2010.  Plaintiff Cynthia Labeaud had exited I-610 onto Elysian Fields Avenue in New Orleans and was traveling in the far right lane when her automobile was allegedly struck by Defendant Richard Knight's when he  made a lefthand turn from the left lane.  Mr. Knight is employed by Defendant Williams Transport, LLC, and Plaintiff alleges that he was acting in the course and scope of his employment at the time of the accident.  Defendant Gramercy Insurance Co. is the insurer of Defendants Knight and Williams Transport.

Plaintiff filed suit in state court on July 12, 2011, seeking damages for pain and suffering, emotional distress, lost wages, medical expenses, and lost earning capacity.  Defendant Gramercy Insurance filed a Notice of Removal pursuant to 28 U.S.C. § 1332 and 1441, asserting that federal jurisdiction is proper because complete diversity exists between the parties and the amount in controversy exceeds the jurisdictional amount of $75,000.  The Notice of Removal described the citizenship of the parties as follows: "Plaintiff, Cynthia Labeaud, is a resident of Louisiana; Defendant, Gramercy, is a foreign corporation with its principal place of business in the State of Texas; Defendant, Richard Knight, is a resident [of] the State of Mississippi; and Defendant, Williams Transport, LLC is a foreign limited liability company domiciled in Mississippi."  Rec. Doc. 1, p. 3.

On August 26, 2011, Plaintiff filed this Motion to Remand, based on defects in the Notice of Removal with respect to the citizenship of Defendant Williams Transport.  Defendant Gramercy sought leave to File an Amended Notice of Removal on September 6, 2011 and filed its Opposition to Plaintiff's Motion to Remand two days later.

## THE PARTIES' ARGUMENTS

Plaintiff essentially argues that Defendant, who bears the burden of proving that jurisdiction is proper under §1332, has failed to carry this burden because it has not adequately

2

established Defendant Williams Transport's citizenship.
Specifically, she contends that the Notice of Removal only
recites that Williams Transport is "a foreign limited liability
company domiciled in the State of Mississippi" as opposed to
listing the citizenship of all of its members.  While
acknowledging that the Court retains jurisdiction to cure
deficiencies with regards to the Notice of Removal, it also notes
that Defendant Gramercy had failed to move to amend the Notice of
Removal since the end of July.

Defendant Gramercy argues that it is not seriously disputed
that jurisdiction is proper under §1332 and that Plaintiff's
Motion to Remand is based on a mere technical defect which it
seeks to remedy through its Amended Notice of Removal.  It relies
on Fifth Circuit precedent which explains that district courts
should avoid dismissing actions on "purely technical or formal
grounds" by liberally granting leave to amend notices of removal
for defects such as imperfect statements of citizenship.

                          **DISCUSSION**

"[A]ny civil action brought in a State court of which the
district courts of the United States have original jurisdiction,
may be removed by the defendant or the defendants, to the
district court of the United States for the district and division
embracing the place where such action is pending." 28 U.S.C. §
1441(a).  Federal district courts are granted original

jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332.  It is uncontested that the requisite amount in controversy exceeds $75,000 in the instant case.  The only issue before the Court only concerns whether complete diversity of citizenship of the parties has been established.

In order for jurisdiction to exist under § 1332, there must be complete diversity between the parties, meaning that no individual plaintiff and no individual defendant share the same state citizenship.  For the purposes of determining diversity jurisdiction, a natural person is a citizen of the state where he is domiciled.  Preston v. Tenet Healthsystem Memorial Medical Center, Inc., 485 F.3d 793, 797 (5th Cir. 2007).  A corporation is a citizen of the state in which it was incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c). Unincorporated associations assume the citizenship of each of its members. See Aetna Casualty and Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).

In removal actions, the party seeking removal bears the burden of establishing that federal jurisdiction exists, and all doubts on whether federal jurisdiction exists should be resolved in favor of remand. See De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995); Acuna v. Brown & Root, Inc., 200 Fed.3d

4

335, 339 (5th Cir. 2000).  28 U.S.C § 1653 provides, however,
that "[d]efective allegations of jurisdiction may be amended,
upon terms, in the trial or appellate courts."  The Fifth Circuit
has held that this statute should be liberally construed to
"avoid dismissals of actions on purely 'technical' or 'formal'
grounds." <u>Whitmire v. Victus Ltd.</u>, 212 F.3d 885, 887 (5th Cir.
2000).  Among the most common "purely technical" defects which
may be remedied by amendment is a defective allegation as to the
citizenship of the parties. <u>See, e.g.</u>, <u>D.J. McDuffie, Inc. v.
Old Reliable Fire Ins. Co.</u>, 608 F.2d 145, 146 (5th Cir.1979)
(affirming district court's order granting leave to amend notice
of removal to properly allege citizenship of parties); <u>Menendez
v. Wal-Mart Stores, Inc.</u>, 364 Fed. App'x 62, 67-68 (5th Cir.
2010)(granting defendant's motion to amend on appeal because
parties did not dispute that complete diversity existed and only
technical defects in notice of removal were raised by plaintiff).

     Here, it is clear that Plaintiff does not truly contend that
she shares the same citizenship as Defendant Williams Transport,
or any other Defendant for that matter.  The single ground for
the instant Motion to Remand is that the Notice of Removal
recites that Defendant Williams Transport, LLC is a citizen of
Mississippi, as opposed to specifying the citizenship of its
individual members, which in this case is only a single
individual named Scott Williams.  Defendant Gramercy sought leave

5

to amend its Notice of Removal to cure this purely technical defect by clarifying that Williams Transport, LCC's only member is a citizen of Mississippi.  It has not attempted to "substitute new causes of action over which there would be jurisdiction," Hillman, 796 F.2d at 775, or to otherwise "create jurisdiction retroactively where it did not previously exist."  Boelens v. Redman Homes, Inc., 759 F.2d 504, 512 (5th Cir. 1985).  Thus, it is clear that complete diversity exists in this case, and remand is improper.

CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendant Gramercy Insurance's Motion for Leave to File Amended Notice of Removal (Rec. Doc. 8)** is **GRANTED,** and **Plaintiff's Motion to Remand (Rec. Doc. 6)** is **DENIED.**

CARL J. BARBIER
UNITED STATES DISTRICT COURT